JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYA TOROSSIAN,<br><br>         Plaintiff,<br><br>    v.<br><br>1-800-PACK-RAT, LLC, et al.,<br><br>         Defendants. | Case No. 2:23-cv-01453-FLA (AFMx)<br><br>**ORDER REMANDING ACTION** |

## **RULING**

Defendant removed this action based on alleged diversity jurisdiction. *See* Dkt. 1. The court ordered the parties to show cause why this action should not be remanded for lack of subject matter jurisdiction. Dkt. 24. The court received and reviewed both parties' Response to its Order to Show Cause. Dkts. 25 ("Pl. Br."), 26 ("Defs. Br.").

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Pursuant to 28 U.S.C. § 1332(a), federal courts have diversity jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, a notice removing a case from state court to federal court based on diversity must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court must decide whether the defendant has demonstrated the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. Federal courts "strictly construe the removal statute against removal jurisdiction," and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

/ / /

  Defendant has the burden to justify this court's exercise of jurisdiction.  *See Gaus*, 980 F.2d at 567.  Plaintiff argues the action should be remanded.  *See* Pl. Br. Defendant argues the action satisfies the amount in controversy requirement because: (i) Plaintiff served Defendant with a Statement of Damages alleging total damages of $1,514.224.80, and (ii) Plaintiff made a settlement demand of $130,000.  Defs. Br. at 4.  Such statements are speculative and do not constitute credible evidence sufficient to establish the amount in controversy more likely than not exceeds $75,000.  Further, the court finds nothing in the record in this action establishing by a preponderance of the evidence that the jurisdictional threshold has been met.

  Thus, the court determines Defendant has failed to demonstrate the amount in controversy exceeds $75,000 and finds that diversity jurisdiction does not exist.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 22STCV25483.  All dates and deadlines are VACATED.  The clerk of the court shall administratively close this action.

  IT IS SO ORDERED.

Dated: July 17, 2023

                _____
                FERNANDO L. AENLLE-ROCHA
                United States District Judge